**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.R.**

**No. 24-56** (Kanawha County 23-JA-126)

# MEMORANDUM DECISION

Petitioner Mother C.C.[1] appeals the Circuit Court of Kanawha County's January 8, 2024, order terminating her parental rights to C.R., arguing that the court erred by terminating her parental rights without granting a post-adjudicatory improvement period and by terminating her parental rights instead of considering less restrictive alternatives.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum opinion affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April 2023, the DHS filed an abuse and neglect petition after the petitioner gave birth to C.R., who was born drug affected. The DHS alleged that C.R.'s umbilical cord tested positive for amphetamine, methamphetamine, fentanyl, and norfentanyl and that the petitioner admitted to using methamphetamine during her pregnancy. Further, security escorted the petitioner from the hospital due to being under the influence of drugs. Finally, the DHS noted that the petitioner's parental rights to three other children were previously involuntarily terminated as a result of her substance abuse. Under these circumstances, the DHS alleged that the petitioner had not remedied the conditions of abuse and neglect that resulted in the prior terminations of her parental rights and that her continued substance abuse posed an imminent risk to C.R.'s health and safety. Following the preliminary hearing, the court ordered the DHS to provide services to the petitioner, including supervised visitation, random drug screening, and parenting and adult life skills classes.

---

[1] The petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Kristen E. Ross. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Sophia D. Mills appears as the child's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

The court held an adjudicatory hearing in May 2023, at which the petitioner stipulated to abusing substances to the detriment of her parenting abilities. Accordingly, the court adjudicated the petitioner of neglecting the child. Additionally, the petitioner's counsel proffered that she had provided three clean drug screens, had completed a detoxification program, was enrolled in a Suboxone program, and was attending narcotics anonymous meetings. The court ordered the petitioner to sign a release of information to the DHS to verify that she was undergoing treatment and ordered the DHS to continue providing services. Following this hearing, the petitioner filed a written motion for a post-adjudicatory improvement period. While the DHS was initially supportive of an improvement period, at a hearing in July 2023, the DHS and the guardian stated "that recent issues caused them to change their opinion" on the motion. Following this hearing, the petitioner's motion for a post-adjudicatory improvement period was held in abeyance on the petitioner's motion.

Thereafter, the guardian filed a dispositional report explaining that the supervised visits "were not going well" due to the petitioner's behavior, such as missing visits, not bringing diapers or wipes, falling asleep during visits, and calling the incarcerated father during the visits. According to the DHS's court summary, each of the petitioner's drug tests following the July hearing were positive for controlled substances, including amphetamine, methamphetamine, fentanyl, norfentanyl, and cocaine. In light of these developments, both the DHS and the guardian recommended the termination of the petitioner's parental rights.

The court held a dispositional hearing in November 2023. The petitioner did not appear but was represented by counsel, who moved for a continuance to allow time to secure the petitioner's presence. The court denied the motion and proceeded to disposition. The DHS presented testimony from a service provider that the petitioner had not had visitation with C.R. following her first positive drug test in July 2023 and that she repeatedly missed drug screens under the claim of participating in detoxification programs without providing any verification. The court also received evidence from a DHS worker that the petitioner never contacted the DHS to ask for assistance receiving services. Finally, the father testified that the petitioner continued to abuse controlled substances. Based on the foregoing evidence, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of the petitioner's parental rights was in the best interest of the child. Accordingly, the court terminated the petitioner's parental rights to C.R.[3] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred by terminating her parental rights without granting her a post-adjudicatory improvement period. Under West Virginia Code § 49-4-610(2)(B), a parent seeking an improvement period must "demonstrate[], by clear and convincing evidence, that [they] are likely to fully participate in the improvement period." This Court has made it clear "that a parent charged with abuse and/or neglect is not unconditionally entitled to an improvement period. Where an improvement period would

---

[3] The father's parental rights were also terminated. The permanency plan for C.R. is adoption in the current placement.

jeopardize the best interests of the child, for instance, an improvement period will not be granted." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004). Accordingly, circuit courts have discretion to deny motions for an improvement period where no improvement is likely. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). The petitioner, by her own admission, abused controlled substances during her pregnancy and relapsed during the proceedings below. Because the evidence shows the petitioner stopped complying with services, ceased visitation with C.R., and failed to appear for hearings, the record supports the court's findings that the petitioner failed to participate in the services that were offered.[4] Therefore, we find no error with the circuit court proceeding to disposition without granting the petitioner a post-adjudicatory improvement period.

The petitioner also argues that the circuit court erred in terminating her parental rights because less restrictive alternatives were available. However, this Court has previously held that termination of parental rights "may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). West Virginia Code § 49-4-604(d)(1) provides that there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected where the parent has "habitually abused . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and . . . [has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning." The "no reasonable likelihood" test can also be satisfied by a showing that the parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." *Id.* at § 49-4-604(d)(3). Here, the evidence shows that the petitioner abused controlled substances during her pregnancy, continually tested positive for controlled substances during the proceedings below and failed to follow through with services offered to help treat her addiction. As such, the record supports the circuit court's finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. Further, the petitioner does not challenge the circuit court's finding that termination of her rights was in the child's best interests, which was based on substantial evidence. As such, we find no error in the termination of the petitioner's parental rights. *See id.* at § 49-4-604(c)(6) (permitting termination of parental rights upon findings of no reasonable likelihood conditions can be corrected and when necessary for the child's welfare).

---

[4] In support of this assignment of error, the petitioner also argues she was deprived of her opportunity to present evidence regarding her intention to comply with the terms of an improvement period due to the circuit court's refusal to grant a continuance so that she could appear at the disposition hearing. However, "[a] motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 3, *In re C.B.*, 245 W. Va. 666, 865 S.E.2d 68 (2021) (quoting Syl. Pt. 2, *State v. Jason H.*, 215 W. Va. 439, 599 S.E.2d 862 (2004)). The petitioner fails to allege how the circuit court abused its discretion in denying her motion to continue. As such, she is entitled to no relief.

3

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 8, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: March 4, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

4